The complainant gave his bond, dated September 30, 1771, in the penalty of two thousand pounds, Virginia money, with Lewis as security, to which was annexed the following condition: "The condition of the above obligation is such that if the above bound Charles (523) Kennon and Howell Lewis do and shall well and truly pay unto the said Robert Dickins, etc., the just sum of sixty pounds, current money of Virginia, annually, for the term of fifteen years, on or before the fifth day of December in every year, and after the expiration of the term of fifteen years, viz., on or before the fifth day of October, in the year 1786, the further sum of one thousand pounds, current money as aforesaid, then the above obligation to be void, etc. Memorandum, that if any part of the within principal shall be paid before the expiration of the fifteen years, in that case the part paid to carry interest no longer than to the time the same was paid." The bill then stated that on the tenth of December, 1771, the complainant paid the sum of one hundred and eighty-four pounds, six shillings and six pence, which, after deducting the interest of the ten days due, left a balance of one hundred and eighty-one pounds, eleven shillings and three pence, that ought to have been applied to the discharge of the principal, and that afterwards various other payments, which are specified in an account annexed to the bill, were made, and which, if properly applied, discharged the whole of the debt. Instead of which, an execution has issued for the sum of one hundred and fifty pounds, by reason of the defendant's charging interest *Page 428 
on the sixty pounds payable annually, which being itself the interest of the thousand pounds, ought not to bear interest. The complainant alleged that this is usurious, and directly against the intention of the parties, as well as the memorandum annexed to the bond.
The defendant, in his answer, affirmed that he intended the price of the land to be nineteen hundred pounds, Virginia money, payable in fifteen annual installments, at sixty pounds each, and the last payment to be one thousand pounds; and he understood that if default was made in the payment of any of the installments, that they should bear interest from the time they respectively became due. He conceives that the condition of the bond furnishes evidence of this, by arranging the payment at different and distant days. He believes the intention of (524) annexing the memorandum to the bond was, that if the complainant should pay any part of the money before the time it became due, that such payment should bear interest until the next day of payment. He admits the payment on the 10th of December, 1771, but insists that the first installment of sixty pounds, as well as the ten days interest, were then due. He likewise admits the other payment charged in the bill, and says that their application, according to the true interest, of the contract, left a balance due on the 20th of April, 1792, of one hundred and fourteen pounds and ten pence, for which he has taken out execution.
But the defendant positively answers that the fifteen annual payments are principal, as well as the last payment; and the memorandum refers to the within principal. The bond must therefore be examined to ascertain the intention of the parties; and upon the face of this it appears that all the installments form principal. Upon the complainant's own principles, however, his statement is erroneous. The first annual installment was due the first of December, 1771; the first payment made *Page 429 
by the complainant was on the tenth of that month; yet he (525) deducts the whole of that payment from the thousand pounds, which he is pleased to call principal, without regarding the sixty pounds then due.
According to the complainant's allegation, the parties understood the purchase money to be one thousand pounds, Virginia currency, to bear interest at six per cent, payable annually, with a credit of fifteen years for the payment of the principal sum. On the other hand, it is affirmed by the defendant that the price of the land, as intended and understood by him, was nineteen hundred pounds, Virginia currency, payable by installments, according to the terms of the bond; the condition of which, as far as it has any weight in explaining the original transaction, gives countenance to this statement. If it be adopted as the ground on which the case is to be decided, no doubt can be entertained that the installments bear interest from the time they respectively became due; for being principal debts, and secured by specialty, such a consequence follows of course. But even if the complainant's statement were assumed as a true representation of the contract, and these installments of sixty pounds considered the interest of the principal purchase money, still the authorities cited go a great length towards showing that a court of equity might justly sanction the recovery of interest, upon a failure in payment according to the agreement of the parties. As a general rule, interest upon interest is not allowable. But, when the sum is ascertained, and the annual payment of it forms a part of the contract, where it is so specific that an action of debt may be sustained, and interest recovered by way of damages for the detention, and particularly where the payment of a principal sum is postponed to a very distant period, upon the faith of a regular and punctual discharge of the interest, it ought in justice to be allowed. To such a case, the principal upon which interest is generally allowed seems to apply with strict propriety, viz., to supply the place of prompt payment, (526) and indemnify the creditor for his forbearance.
Injunction dissolved.
Cited: Bledsoe v. Nixon, 69 N.C. 93. *Page 430